UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAKIEA T.,

                        Plaintiff,

v.                                                      CASE NO. 1:22-cv-138
                                                        (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

_____

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the Court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docs. 15, 19), as well as Plaintiff's Response (Doc. 24). Upon review of the administrative record and consideration of the parties' filings, Plaintiff's Motion for Judgment on Pleadings (Doc. 15) is **GRANTED**, Defendant's Motion for Judgment on the Pleadings (Doc. 19) is **DENIED**, and the decision of the Commissioner is **REMANDED**.

## I.      RELEVANT BACKGROUND

### A.      Procedural Background

On September 26, 2019, Plaintiff protectively filed an application for supplemental security income with an alleged disability onset date of August 28, 2019.  (Tr. 59-60.)  The application was denied initially on January 2, 2020 and upon reconsideration on July 22,

2020.     (Tr. 59-60, 71-87.)     Plaintiff then timely requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 120-21.)  On April 5, 2021, following the hearing, ALJ Bryce Baird issued an unfavorable decision, finding that Plaintiff was not disabled. (Tr. 12-32.)  The Appeals Council denied the request for review, (Tr. 1-6), and Plaintiff timely appealed to federal district court.

B.     **Factual Background[1]**

Plaintiff alleged several severe impairments in support of her disability claim, including fibromyalgia, lumbar and cervical degenerative disc disease, migraines, and bilateral knee osteoarthritis.  (Tr. 38.)  She testified at the hearing before the ALJ that she lived with her husband and two children and was limited in her daily activities. (Tr. 43-44.) Plaintiff asserted that she experienced "[s]ignificant chronic pain all over [her] body." (Tr. 46.)  She described the pain as occurring in her neck, back, knees, and hands, and she also explained that she experienced headaches and migraines.   (Tr. 46.)   Plaintiff described past treatment to include injections, infusions, and physical therapy, and while these treatments provided some temporary relief, in a few weeks, the pain would return. (Tr. 46-47.)

Plaintiff described that the pain caused stiffness, primarily in her knees, back, and neck, which made it difficult for her to stand more than 15 or 20 minutes. (Tr. 47-48.) Similarly, Plaintiff indicated that she was only able to walk for 10 or 15 minutes before needing to stop, and she could only sit for 20 to 25 minutes at a time.  (Tr. 48.)  Plaintiff indicated that she did not have any mental health limitations, but she did describe that she had difficulty sleeping at times.  (Tr. 49.)

---

[1] This recitation of facts primarily includes testimony from the second hearing before the ALJ.  Other facts will be developed throughout the opinion as relevant to the Court's analysis.

Plaintiff described her typical day to involve ensuring that her children logged into remote learning, perhaps make them a sandwich for lunch, help around the house some, but needing to intermittently lay down.  (*Id.*)  She explained that her family, including her sister, performed most of the work around the house, including cooking.  (tr. 49-51.)

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.

1. The claimant has not engaged in substantial gainful activity since September 26, 2019, the application date (20 C.F.R. § 416.971et seq.). (Tr. 17.)

2. The claimant has the following severe impairments: left knee arthritis, cervical and lumbar degenerative disc disease and obesity (20 C.F.R. § 416.920(c)). (Tr. 17.)

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  (Tr. 19.)

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can lift or carry 20 pounds occasionally and 10 pounds frequently; she can sit, stand and walk for 6-hours each in an 8-hour workday; she can occasionally balance, stoop, kneel, crouch and climb ramps or stairs, but she cannot crawl or climb ladders, ropes or scaffolds; she cannot tolerate exposure to extremes of heat or cold; the work should not entail direct exposure to bright or flashing lights; she can tolerate work in moderate noise level environments (as the term "moderate" is defined in the Selected Characteristics of Occupations), and she can tolerate no exposure to excessive vibration or hazards such as unprotected heights or moving machinery. (Tr. 20.)

5. The claimant has no past relevant work (20 C.F.R. § 416.965). (Tr. 25.)

6. The claimant was born on July 10, 1981 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. § 416.963). (Tr. 25.)

7. The claimant has at least a high school education (20 C.F.R. § 416.964). (Tr. 25.)

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968). (Tr. 25.)

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)). (Tr. 25.)

## II.    LEGAL STANDARD

### A.    Standard of Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

**B.    Standard to Determine Disability**

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 416.905(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920(a).

At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 416.920(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 416.920(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity (RFC) for the claimant to return to past relevant work. 20 C.F.R. § 416.920(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education, and work experience. 20 C.F.R. § 416.920(g).

## III.    ANALYSIS

Plaintiff makes two primary arguments in support of remand. First, she contends that the ALJ erred in finding that Plaintiff's fibromyalgia was not a severe impairment, which she argues was the result of his failure to adequately develop the record and further resulted in his improper disregard of the limiting effects of Plaintiff's pain from fibromyalgia in the RFC at steps four and five.  (Doc. 15-1 at 16.)  Second, Plaintiff contends that the ALJ erred by substituting his own layperson's judgment in place of medical opinion when crafting the RFC. (*Id.* at 21.)  For the reasons set forth below, the Court finds that the ALJ erred in his analysis of Plaintiff's fibromyalgia, and as such, remand is required.

The ALJ addressed Plaintiff's fibromyalgia condition at step two of the analysis, concluding that Plaintiff's fibromyalgia was not a medically determinable impairment:

> Finally, pursuant to SSR 12-2p, Fibromyalgia can be established as a medically determinable impairment when a physician has conducted a physical examination, and documented evidence of either:
>
> - A) a history of widespread pain, at least 11 positive tender points, and evidence that other disorders that could cause the symptoms or side effects were ruled out; or
> - B) a history of wide spread pain, repeated manifestations of six or more Fibromyalgia symptoms, signs, or co-occurring conditions, and evidence that other disorders that could cause the symptoms or side effects were ruled out.

> In this case, while the claimant's treatment records show a long history of Fibromyalgia treatment, her physical examinations were generally within normal limits but for episodic tenderness to palpation, minimally reduce[d] range of motion, and no more than four positive trigger points (Exhibit B7F/4, B16F/2, B20F/2-8 & B26F/3). Additionally, fibromyalgia is an exclusionary diagnosis requiring that testing for other conditions with similar etiology and symptoms be ruled out. Because the claimant was diagnosed with fibromyalgia prior to the period in issue, medical evidence is devoid of indication that other disorders with similar etiology were ruled out. In this instance, the claimant has multiple other diagnoses including cervical and lumbar disc degeneration, right hip bursitis, left knee arthritis and history of bilateral carpal tunnel release and right knee arthroscopy, thus indicating

other contributing factors causing her pain and symptomatic etiology. Accordingly, the undersigned must conclude the claimant's fibromyalgia does not satisfy the requirements of SSR 12-2p, and thus cannot be considered a medically determinable impairment.

(Tr. 19.)

Fibromyalgia is a unique condition in that it is based almost exclusively on subjective complaints of pain; that is, there are no objective tests that conclusively confirm the disease. *See Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003); *Susan C. v. Comm'r of Soc. Sec.*, No. 21-cv-00482, 2023 WL 3191607, * 3 (W.D.N.Y. May 2, 2023). Given the uniqueness of the condition, SSR 12-2p sets forth the criteria to determine whether fibromyalgia constitutes a medically determinable impairment. *See* 2012 WL 3104869, *2-3 (July 25, 2012). It provides the following requirements: (1) a diagnosis of fibromyalgia by a physician; (2) evidence from that physician which satisfies either the 1990 American College of Rheumatology (ACR) criteria (1990 ACR Criteria) or the 2010 ACR preliminary Diagnostic Criteria (2010 ACR Criteria); and (3) the physician's "diagnosis is not inconsistent with other evidence in the person's case record." *Id.* at *2.

The 1990 ACR Criteria and the 2010 ACR Criteria each contain three sub-requirements. *Id.* at *2-3. The 1990 ACR Criteria first requires that the plaintiff has a history of widespread pain in all quadrants of the body that has persisted for at least three months. *Id.* at *2. Second, the plaintiff must show at least eleven positive tender points on physical examination. *Id.* at *3. Finally, there must be evidence that other disorders that could cause the manifestations supporting the fibromyalgia diagnosis have been excluded. *Id.* The 2010 ACR Criteria contains the same first and third requirements as the 1990 ACR Criteria, but the second requirement necessitates a showing of repeated

manifestations of six or more fibromyalgia symptoms, signs,[2] or co-occurring conditions (especially manifestations of fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome).  *Id.*

Further, an ALJ must assess both the 1990 ACR Criteria and the 2010 ACR Criteria before concluding that a claimant does not have a medically determinable impairment of fibromyalgia.  *See Wilma M.S. v. Comm'r of Soc. Sec.*, No. 20-cv-6383-LJV, 2022 WL 138537, *4 (W.D.N.Y. Jan. 14, 2022), *vacated on other grounds*, 2023 WL 5723067, at *2 (W.D.N.Y. Sept. 5, 2023) ("[B]ecause there are two sets of criteria that might establish a medically determinable impairment of fibromyalgia, an ALJ must analyze both before deciding that a claimant does not suffer from that impairment.")

Having reviewed the ALJ's analysis in this case, the Court is concerned that the record was not fully developed, nor does it appear that the existing record was fully considered. Significantly, the ALJ did not analyze whether the medical evidence in the record supported a finding that Plaintiff's fibromyalgia satisfied the 2010 ACR Criteria. Instead, his analysis focused solely on the record's support of the tender points analysis provided by the 1990 ACR Criteria. (*See* Tr. 19) (noting Plaintiff's "physical examinations were generally within normal limits but for episodic tenderness to palpation, minimally reduce range of motion, and no more than four positive trigger points.")  Failure to analyze both evidentiary pathways that may support a finding that fibromyalgia may constitute a

---

[2] Other symptoms and signs of fibromyalgia under the 2010 ACR Criterial include "muscle pain, irritable bowel syndrome, fatigue or tiredness, thinking or remembering problems, muscle weakness, headache, pain or cramps in the abdomen, numbness or tingling, dizziness, insomnia, depression, constipation, pain in the upper abdomen, nausea, nervousness, chest pain, blurred vision, fever, diarrhea, dry mouth, itching, wheezing, Raynaud's phenomenon, hives or welts, ringing in the ears, vomiting, heartburn, oral ulcers, loss of taste, change in taste, seizures, dry eyes, shortness of breath, loss of appetite, rash, sun sensitivity, hearing difficulties, easy bruising, hair loss, frequent urination, or bladder spasms." *Id.* at *3, FN 9.

medically determinable impairment has been found to require remand. *See Cooper v. Comm'r of Soc. Sec.*, No. 17-cv-1058-MJR, 2019 WL 1109573, *4 (W.D.N.Y. Mar. 11, 2019) (finding that, due to the focus on the "tender points" requirement in rejecting the plaintiff's fibromyalgia as a medically determinable impairment, it was unclear whether the ALJ considered the 2010 ACR diagnostic criteria); *see also Wilma M.S.*, 2022 WL 138537, at *4 (finding it was reversible error to not analyze the 2010 ACR diagnostic criteria).

This conclusion is further warranted by the fact that at least some of the supporting "symptoms, signs, or co-occurring conditions" of fibromyalgia are identified throughout the medical records. (*See* Tr. 1397, 1403, 1406) (muscle pain); (Tr. 67, 81, 1074, 1083, 1382) (fatigue or exhaustion); (Tr. 67) (memory problems); (Tr. 239, 240) (insomnia); (Tr. 1095) (anxiety); (Tr. 241, 1074, 1407) (numbness or tingling). Given the overlap of Plaintiff's reported signs and symptoms, further consideration and analysis is warranted. *See Wilma M.S.*, 2022 WL 138537, at *4; *Ernst v. Comm'r of Soc. Sec.*, No. 18-cv-1403 HBS, 2020 WL 1226896, *3 (W.D.N.Y. Mar. 13, 2020).

The ALJ's finding that the record was "devoid of indication that other disorders with similar etiology were ruled out," (Tr. 19), which is required under both the 1990 ACR Criteria and 2010 ACR Criteria, does not affect the Court's conclusion that remand is required. Importantly, "SSR 12-2p directs an ALJ to take additional steps, such as recontacting the claimant's treating physicians, when the record lacks adequate information to determine whether the claimant has a medically determinable impairment of fibromyalgia." *Cooper,* 2019 WL 1109573, at *4 (finding that, rather than rejecting the plaintiff's fibromyalgia as a medically determinable impairment due to insufficient

evidence, the ALJ should have contacted the plaintiff's physicians to determine whether the plaintiff's condition satisfied the requirements of SSR 12-2p).

There is no dispute that Plaintiff's treating provider diagnosed her with fibromyalgia, and while it appears that diagnosis predated the records submitted in this case, the ALJ cannot conclude that the diagnosis does not satisfy the requirements of SSR12-2p without examining the records supporting the diagnosis itself, which he recognized were not in the record. (*See* Tr. 19.) While the Court appreciates that Plaintiff was represented by counsel, who is presumed to be aware of the SSR 12-2p requirements and thus was duty bound to ensure the pertinent records were before the ALJ for his consideration, the ALJ has an independent duty to develop the record, which he did not do. *See Lucius R. v. O'Malley*, Civil No. 3:22-cv-01312-MPS, 2024 WL 1200181, *13 (D. Conn. Jan. 22, 2024) (noting that "[w]hen there is 'abundant record evidence showing that Plaintiff had fibromyalgia—including numerous medical diagnoses-if there [is] uncertainty about whether this evidence met the fibromyalgia criteria, the ALJ ha[s] a duty to further develop the record.") (quoting *Rodriguez v. Comm'r of Soc. Sec.*, No. 20-Civ-2819, 2021 WL 4462000, *14 (S.D.N.Y. June 16, 2021)). Further, the ALJ even acknowledged the lack of records surrounding the diagnosis and the importance of these records, (Tr.19), and the record does not reflect any attempts by the ALJ to obtain diagnostic records from this time period. Accordingly, the ALJ erred. *See Cooper* 2019 WL 1109573, at *4; *see also Susan C.*, 2023 WL 3191607, at *4.

Finally, the Court notes that the record is, at a minimum, ambiguous as to the number of tender points reflected therein. In his analysis, the ALJ noted "no more than four positive trigger points." (Tr. 19.) However, the Court's review of the record is not so

clear. Rather, the evidence reveals multiple references to "some trigger points" or the existence of trigger points in certain areas. (*See* Tr. 65, 84, 1082) (reflecting "some" trigger points felt in the trapezius muscles bilaterally); (Tr. 841) (recognizing trapezius trigger points); (Tr. 350, 352) (identifying trapezius trigger points and interscapular trigger points). There are also definitive references to two trigger points, without description as to where they were located, (*see* Tr. 66, 1076), as well as references to trigger point injections in six different trigger points, (*see* Tr. 305-06). Finally, there is repeated reference to cervical and lumbar pain, knee pain, hand pain, and increased pain with no known trigger, including references to sensitivity to palpitations. (*See* Tr. 1387,1403.) Given this evidence, further development and analysis into whether a comprehensive tender point examination would reveal satisfaction of the 1990 ACR Criteria is necessary. *See Susan C.*, 2023 WL 3191607, at *4 (concluding that it was error for the ALJ to disregard ambiguous evidence of tender points without recontacting the physician for clarification); *see also Lucius R.*, 2024 WL 1200181, at *13 (recognizing that when the record is at least unclear as to the number or location of tender points, the ALJ should "clear it up" with the plaintiff's physicians).

Contrary to Defendant's argument, this error cannot be deemed harmless because the ALJ found that Plaintiff's fibromyalgia was not medically determinable at step two. As such, the ALJ had no basis on which to credit fibromyalgia related symptoms, such as Plaintiff's complaints of limiting pain, throughout the rest of his analysis, and he did not. As such, this error cannot be deemed harmless. *See Susan C.*, 2023 WL 3191607, at *5; *Wilma M.S.*, 2022 WL 138537, at *4; *Cooper*, 2019 WL 1109573, at *5.

Because the Court has concluded that the ALJ erred in his analysis of Plaintiff's fibromyalgia condition, it will not adjudicate Plaintiff's second alleged error.

## IV.    CONCLUSION

For the above reasons, remand is warranted for the ALJ to properly address Plaintiff's fibromyalgia, develop the record as needed, and reweigh the evidence in light of that analysis. *See Susan C.*, 2023 WL 3191607, at *5.

**ACCORDINGLY**, it is:

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 15) is **GRANTED**, and it is further

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 19) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** for further proceedings, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.


Dated: April 16, 2025                                    J. Gregory Wehrman
Rochester, New York                                   HON. J. Gregory Wehrman
                                                               United States Magistrate Judge